```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


I.P.S. OF LOUISIANA CORP.              *        CIVIL ACTION

VERSUS                                 *        NO. 06-274

GENERAL RUBBER CORPORATION             *        SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 3). For the following reasons, the motion is hereby **GRANTED**.[1]

## LAW AND ANALYSIS

**A. Specific Jurisdiction**

In support of specific jurisdiction the Plaintiff directs the Court to <u>Smith v. Intex Recreation Corp.</u>, 755 F.Supp. 712 (M.D.La. 1991). The court in <u>Intex</u> found personal jurisdiction in Louisiana over a California company whose only contact with Louisiana was that it contracted to have its products sold to sales representatives in neighboring states and as such was put on notice that the product was likely to be sold in Louisiana. 755 F. Supp. 712. Unlike here, the court found in <u>Intex</u> that the non-resident's products were marketed to consumers in the forum state. General Rubber's products were not going to be used

---

[1] We are grateful for the work on this case by Beth Bernstein, a Tulane Law School extern with our Chambers.

by consumers in the forum state, rather, as in Loumar, IPS contracted with General Rubber in order to fulfill a contract between IPS and the Navy.  Therefore, General Rubber had no expectation that their products would be purchased and used by consumers in Louisiana.

Plaintiff further points to numerous mail and fax correspondences between General Rubber and IPS in which General Rubber was informed that IPS was a Louisiana corporation.  This includes the October 1, 1999 letter from General Rubber in response to Plaintiff's request for information of Defendant company's products and services (Rec. Doc. No. 7, Ex. "B"), and a request from the Plaintiff for information and a quote for the products (Rec. Doc. No. 7, Ex. "C".  These facts fail to support a finding of minimum contacts sufficient to establish specific jurisdiction because the Fifth Circuit has repeatedly held that telephone and written communications among the parties is not sufficient to find specific jurisdiction. Freudensprung, 379 F.3d at 344, Holt Oil & Gas Corp. V. Harvey, 801 F.2d 773 (5th Cir.1986),  Stuart v. Spademan, 772 F.2d 1185 (5th Cir.1986), Hydrokinetics, Inc. V. Alaska Mechanical, Inc., 700 F.2d 1021 (5th Cir.1983).

A final contention of the Plaintiff is that General Rubber had an agent, Jim Thompson of Braunflex, in the forum state.  In A & L Energy, Inc. v. Pegasus Group, 791 So.2d 1266 (La.2001), the Louisiana Supreme Court found specific jurisdiction in part because "the defendant's hiring of an agent authorized to do

2

business in Louisiana hardly describes a 'random', 'fortuitous', or 'attenuated' relationship with this state." 791 So.2d at 1274.  Plaintiff alleges that Jim Thompson acted as an agent of General Rubber during the transaction at issue here.  Thompson maintains an office in Louisiana.  Thompson has an employment relationship with the Texas corporation, Braunflex, who is an independent contractor that sells General Rubber's products, along with those of other manufacturers.  (Rec. Doc. No. 7, Ex. "D")  The facts support a finding that Thompson's only connection with General Rubber was participation in conference calls, and receipt of copies of letters between IPS and General Rubber regarding the transaction.  (Rec. Doc. No. 7 at Ex. "C").  Thompson is paid by Braunflex, and Thompson is more accurately described as an agent of Braunflex and not General Rubber.  Thus, the Court finds that plaintiff has not adequately alleged that Jim Thompson was an agent of General Rubber.

Specific Jurisdiction does not extend to General Rubber in here because the contract and communications surrounding it alone are not enough to find specific jurisdiction.  Freudensprung, 379 F.3d at 344; Holt, 801 F.2d at 778; Stuart, 772 F.2d at 1192-1193.  "[W]hen the contact stems from a product, sold or manufactured by the foreign defendant, which has caused harm in the forum state, the court has jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." Bearry, 818 F.2d at 374 (citing

<u>World-Wide Volkswagon</u>, 44 U.S. 286, 298 (1980)).

**B. General Jurisdiction**

Plaintiff argues that the court may exercise personal jurisdiction through general jurisdiction.  General jurisdiction is another means by which minimum contacts can be established giving rise to personal jurisdiction.  General jurisdiction exists when a party has systematic and continuous activities in a forum although these activities are not related to the cause of action.  <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408.  "Unlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant, and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum."  <u>Dickson Marine, Inc. v. Panalpina, Inc.</u>, 179 F.3d 331, 339 (5th Cir. 1999).  If "the forum state has no direct interest in the specific cause of action asserted [then] contacts of a more extensive quality and nature are required." <u>Dalton v. R & W Marine, Inc.</u> 897 F.2d 1359, 1361.  To find requisite minimum contacts creating general jurisdiction, the court looks to factors such as whether the party is licensed to do business in the state, whether they solicit business there, whether they have an office and employees there, and whether they own property in the state.  <u>Ascaro, Inc. V. Glenara, Ltd.</u> 912 F.2d 784, 787 (5th Cir. 1990).

"Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum ... due process

4

requires that the defendant have engaged in continuous and systematic contacts in the forum to support the exercise of general jurisdiction over that defendant ... Contacts of a more extensive quality and nature are required." <u>Ascaro</u>, 912 F.2d at 786.  In <u>Ascaro</u>, the court held that there was no general jurisdiction because the defendant "was not licensed to do business in Louisiana; did not solicit business there; did not maintain an office there; and did not own property or employ personnel in the state." <u>Id.</u> at 787.  That a corporations products flow into a state is not enough to create general jurisdiction.  "A conclusion that there is a stream of commerce ensures that the contact that caused the harm in the forum occurred there through the defendant's conduct and not the plaintiff's unilateral activities; it does not ensure that defendant's relationship with the forum is continuous and systematic, such that it can be sued there for unrelated claims." <u>Bearry v. Beech Aircraft Corporation</u>, 818 F.2d 370, 375.

Advertising is another factor upon which a finding of general jurisdiction is made.  In <u>Grabert v. New Palace Casino, L.L.C.</u>, the court held that although general advertising alone is not enough to establish systematic and continuous activity within a state, local advertising that is successful and directed can support a finding of personal jurisdiction. 2003 WL 21999351 (E.D.La).

In this situation, IPS proposes that the following factors give rise to "systematic and continuous contacts between the

5

defendant and the forum", attaching general jurisdiction in Louisiana to General Rubber.  Jim Thompson, a Braunflex sales agent, lists General Rubber as a company whose products he sells and distributes.   Thompson's employment is based in Louisiana, and he participated in the transaction between General Rubber and IPS.  Plaintiff alleges that by virtue of having a sales agent that markets its products in Louisiana, General Rubber must have conducted business in Louisiana in the past.  The Plaintiff also introduces three Louisiana companies who claim to have done business with General Rubber: Harold Rubber, GB & G, and a client of GB & G's.  The extent of this business speculative.  Overall, few of the factors that warrant a finding of general jurisdiction are present in this situation.  The factors that the plaintiff presents to support a finding of general jurisdiction do not meet the high standard required by law.  General Rubber did not actively solicit local business in Louisiana, nor did it maintain any offices or employees there.  The business performed with other companies in the state are sporadic at best, and do not warrant a finding of systematic and continuous activity within the state such that General Rubber could be seen to have invoked the benefits and protections of the forum's laws.

 Finally, the Plaintiff claims that General Rubber advertised in Louisiana, creating minimum contacts.  Here, the Plaintiff claims that General Rubber solicited their business by sending product information and materials that included a toll free number by which to obtain more information.  They also claim that

General Rubber advertised in a magazine that listed a Louisiana corporation as General Rubber's local distributor.  The advertisements are not sufficient to support a finding of general jurisdiction.  The advertising of General Rubber's products in the magazine on their behalf by another party does not amount to the local and directed advertising that the court viewed as sufficient to contribute to a general jurisdiction analysis in <u>Grabert</u>.  2003 WL 21999351 (E.D.La.).  General Rubber did not authorize this advertisement and was unaware of its existence.  Similarly, the materials sent to the Plaintiff to solicit their business were solely in response to the Plaintiff's inquiry into General Rubber's products, and also does not amount to the level of local and directed advertising in <u>Grabert</u>.

"General jurisdiction's continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  <u>Submersible Sys., Inc. V. Perforadora Cent., S.A. de C.V.</u> 249 F.3d 413, 419 (5th Cir. 2001).  This high burden was not met by the plaintiff who failed to demonstrate systematic and continuous activity of General Rubber in Louisiana, but rather sporadic business activity and minimal advertising.  There was no showing of General Rubber maintaining an office or employees in Louisiana, owning property in the state, or any other factors that courts will usually interpret as systematic and continuous contacts and activity within a forum state.  Thus, there is no general jurisdiction to create personal jurisdiction over General Rubber in Louisiana.

Plaintiff requests additional time for discovery if the court should not find personal jurisdiction over General Rubber in order to further inquire into minimum contacts regarding general jurisdiction.  It is unlikely that any further discovery will give rise to facts sufficient to support a finding of general jurisdiction and there is no preliminary showing where or to whom jurisdictional discovery would be directed.  Conclusory statements would not suffice here.

**E.  Conclusion**

For the foregoing reasons, defendant General Rubber's motion to dismiss for lack of personal jurisdiction is hereby **GRANTED** in all respects.

New Orleans, Louisiana, this 20th day of July, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE